UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CALVIN WEDINGTON,

          Petitioner,

v.

UNITED STATES,

          Respondent.

Case No. 14-CV-5012 (JRT/FLN)

REPORT AND RECOMMENDATION

Petitioner Calvin Wedington is serving a life sentence imposed in 1982 after he pleaded guilty to second-degree murder. *See United States v. Wedington*, 409 Fed. App'x 969, 970 (8th Cir. 2011) (per curiam). Wedington has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking release from his detention. The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Wedington's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of this matter, as explained below.

Wedington has challenged the legality of his conviction and continuing detention on innumerable occasions, both in this District and elsewhere. *See Wedington v. United States*, Civil No. RDB-11-1324, 2011 WL 2119247, at *1 n.1 (D. Md. May 27, 2011) (listing cases). In this action, Wedington alleges that the judge who originally imposed a term of life imprisonment

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Wedington seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

later changed his mind and modified the sentence to an 11-year term of imprisonment. *See* Petition at 8 [ECF No. 1]. Accordingly, Wedington alleges that he should have been released from prison in 1993. *Id*. Wedington also alleges that the judge who modified his sentence has now died, and that the records pertaining to the modification of his sentence were destroyed. *Id*.

As an initial matter, "[a]ll of the claims relating to his conviction and continued detention raised in the instant petition either were, or could have been, raised in one or more of Mr. Wedington's prior petitions." *Wedington*, 2011 WL 2119247, at *1. Wedington's claims are therefore precluded under the abuse-of-the-writ doctrine, which "generally prohibits a petitioner from raising claims in a subsequent habeas petition that could have been, but were not, raised in the first federal habeas proceeding" and claims that are "identical to those heard and decided on the merits in a previous petition." *Murray v. Delo*, 34 F.3d 1367, 1372 (8th Cir. 1994). Wedington has not alleged any reason why his claim was not raised in any of his previous petitions for collateral relief — or, if the claim was raised, why the disposition of that claim should be any different in this litigation. Accordingly, the abuse-of-the-writ doctrine bars this Court from granting relief in this matter.

This Court also notes that Wedington's claim is wildly implausible. In general, a sentencing court may modify a term of imprisonment only in very limited circumstances. *See* 18 U.S.C. § 3582(c). Wedington is not claiming that his original sentence was imposed in violation of the Constitution or federal law and later vacated on that basis, as would have been necessary to invoke 28 U.S.C. § 2255, or that his original sentence was the result of "arithmetical, technical, or other clear error," as would have been necessary to invoke Fed. R. Crim. P. 35(a), or that his original sentence was a result of "clerical error," as would have been necessary to

invoke Fed. R. Crim. P. 36. The Director of the Bureau of Prisons did not make a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), nor has the government brought a motion pursuant to Fed. R. Crim. P. 35(b).[2] Finally, Wedington does not contend that, in the time since he was originally sentenced, the applicable sentencing range has been lowered pursuant to 28 U.S.C. § 994(o), as would have been necessary to invoke 18 U.S.C. § 3582(c)(2).[3] By all indications, then, there is no lawful basis upon which the sentencing court *could* plausibly have modified Wedington's sentence to an 11-year term of imprisonment. This, coupled with the complete lack of a paper trail[4] (by Wedington's admission) verifying the alleged sentence reduction, renders

---

[2]This Court has entered as an exhibit a copy of the paper docket sheet from Wedington's criminal case. At the time of Wedington's sentencing, Rule 35(b) provided that "a motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation." There is no indication from the record that any such motion was ever granted (in fact, several motions for a reduction in sentence filed by Wedington were denied). Moreover, the judge who sentenced Wedington remained active until 1997. *See, e.g.*, *Stull v. Am. States Ins. Co.*, 963 F. Supp. 492 (D. Md. 1997). Had that judge in fact modified Wedington's sentence to an 11-year term of imprisonment under the former Rule 35(b), Wedington would have had ample opportunity to present the issue to that judge following the passage of his "release date" in 1993.

[3]Indeed, the Sentencing Guidelines were not yet in effect at the time Wedington was originally sentenced. Because Wedington was not "sentenced to a term of imprisonment based on a sentencing range" provided in the Sentencing Guidelines, the sentencing range cannot be subsequently be lowered, and it is therefore doubtful that Wedington could ever be afforded relief under § 3582(c)(2).

[4]As an exhibit to the habeas petition, Wedington attaches documents he believes "authorized [his] release again from an illegal detention." Petition at 8. But the documents attached by Wedington relate to one of the many civil lawsuits initiated by Wedington while incarcerated. The documents have nothing to do with the legality of his conviction or continuing detention. *See* ECF No. 1-1 at 2-8.

Wedington's claim for relief a nonstarter. This Court therefore recommends that this claim be denied with prejudice.

Only two matters merit further comment. First, Wedington suggests in a "motion for status of habeas corpus" that his parole date has been incorrectly determined. *See* ECF No. 5. This claim was not raised in the initial habeas petition. Moreover, despite diligent effort, this Court cannot discern the basis upon which Wedington is challenging the parole review process in his case. Accordingly, this Court recommends that any claims relating to that parole review process be denied without prejudice.

Second, Wedington alleges that he was illegally fired from his job with the U.S. Marshals Service. *See* Petition at 8. Any claims relating to this putatively unlawful termination must be raised in a civil complaint, not a petition for habeas relief. *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014). Wedington is warned, however, that (1) by all indications, he is ineligible for *in forma pauperis* status in civil litigation under 28 U.S.C. § 1915(g); (2) the allegations in the habeas petition are too cursory to state a claim for relief if pleaded in a new civil complaint; and (3) it is extraordinarily unlikely that Wedington, a federal prisoner since 1982, will be able to plead a plausible claim for relief built upon allegations of unlawful termination.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Calvin Wedington's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DENIED:

      a.      All claims relating to a prior reduction in Wedington's sentence by the trial judge be DENIED WITH PREJUDICE.

      b.      All claims relating to the legality of the parole review process be DENIED WITHOUT PREJUDICE.

2. This action be DISMISSED.

3. Wedington's motion for status of habeas corpus [ECF No. 5] be DENIED WITHOUT PREJUDICE AS MOOT.

Dated: August 7, 2015                                  *s/Franklin L. Noel*
                                                                Franklin L. Noel
                                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.