UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN S. WEDINGTON, | Civil No. 14-5012 (JRT/FLN) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Calvin Wedington, #18915-037, Federal Medical Center, 2110 East Center Street, PMB 4000, Rochester, MN  55903, *pro se*.

Ana H. Voss and D. Gerald Wilhelm, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for respondent.

Petitioner Calvin Wedington brings this action seeking habeas corpus relief from his life sentence.  After preliminary review, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Wedington's petition.  Wedington timely filed objections to the R&R.  Additionally, Wedington filed a motion requesting sanctions against his current and former warden.  For the reasons that follow, the Court will adopt the R&R in its entirety and deny Wedington's petition.  The Court will also deny Wedington's motion for sanctions.

## BACKGROUND

Wedington is serving a life sentence for his 1982 conviction for second-degree murder. *United States v. Wedington*, 409 F. App'x 969, 970 (8th Cir. 2011). During his thirty-three years of incarceration, Wedington has repeatedly challenged his criminal conviction. *See Wedington v. United States*, No. 11-1324, 2011 WL 2119247, at *1 n.1 (D. Md. May 27, 2011) (providing a non-exhaustive list of seven prior challenges). On December 12, 2014, Wedington filed the instant petition for writ of habeas corpus seeking relief from his detention. (Pet. for Writ of Habeas Corpus ("Habeas Pet.") at 4-5, Dec. 12, 2014, Docket No. 1.) In his current challenge, Wedington alleges that after his initial sentencing, United States District Judge Frank Kaufman, the judge who imposed his life sentence, modified Wedington's sentence downward to an eleven-year term of imprisonment. (*Id.* at 8.) Thus Wedington alleges he has been held illegally since 1993. (*Id.*) Further, Wedington suggests that the evidence of Judge Kaufman's alleged modification was destroyed. (*Id.*)

On August 10, 2015, United States Magistrate Judge Franklin L. Noel issued an R&R recommending that the Court dismiss Wedington's petition on procedural grounds and because Wedington's claims were "wildly implausible." (R&R at 2, Aug. 10, 2015, Docket No. 8.) The R&R first explained that the abuse-of-writ doctrine "'generally prohibits a petitioner from raising claims in a subsequent habeas petition that could have been, but were not, raised in the first federal habeas proceeding' and claims that are 'identical to those heard and decided on the merits in a previous petition.'" (*Id.* (quoting *Murray v. Delo*, 34 F.3d 1367, 1372 (8th Cir. 1994)).) The R&R also stated that it is

implausible that the sentencing judge modified Wedington's sentence because there was no way in which the judge could have lawfully done so.  (*Id.* at 2-4.)  Finally, the Magistrate Judge found that the basis for Wedington's challenge of the parole review process, which Wedington raised for the first time in his "motion for status of habeas corpus," was unclear even with diligent effort, and accordingly, suggested dismissing any claims related to the parole review process without prejudice.  (*Id.* at 4.)

Wedington timely filed objections to the R&R.  (Objs. to R&R, Aug. 19, 2015, Docket No. 9.)  Additionally, Wedington filed a motion requesting sanctions against his current and former warden.  (Mot. for Sanctions, Oct. 13, 2015, Docket No. 11.)

## DISCUSSION

### I. WEDINGTON'S OBJECTIONS

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  Wedington's objections are not specific and merely repeat his prior allegations, which make them improper.  *See United States v. Walker*, No. 11-381, 2014 WL 36635, at *1 (D. Minn. Jan. 3, 2014) ("The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections.").

Because Wedington has not made any specific objections to the R&R, the Court need not review the R&R *de novo*. *See Mashak v. Minnesota*, Civ. No. 11-473, 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012) ("Objections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review."). But even under a *de novo* review of the R&R, the Court finds that the Magistrate Judge properly analyzed the petitioner's requests and recommended that they be denied. First, under the abuse-of-the-writ doctrine, the R&R correctly found that Wedington either could have raised or did raise these claims in prior petitions. (R&R at 2.) Wedington has not explained in his complaint or in the objections why these claims should be analyzed differently in this petition, or why the prior petitions were decided erroneously. Second, the R&R also correctly analyzed possible circumstances in which the judge could have permitted a sentence modification. (R&R at 2-4 (describing that a sentence may be modified if "imposed in violation of the Constitution or federal law" or as the result of "arithmetical, technical, or other clear error," among others).) Wedington does not contend that any of these circumstances existed in his case, and thus it is implausible that the judge would have reduced Wedington's life sentence to eleven years. Wedington's bare assertion to the contrary has no evidentiary support and is plainly not persuasive. Accordingly, the Court will adopt the Magistrate Judge's R&R and dismiss Wedington's petition.

### III. MOTION FOR SANCTIONS

On October 13, 2015, Wedington filed a document with the Court titled "Motion for Sanctions," which the Court will construe as a motion for sanctions under Rule 11. (Mot. for Sanctions.)[1] This motion fails for a number of reasons. First, his motion describes no specific conduct warranting sanctions. *See* Fed. R. Civ. P. 11(c)(2) (stating that a motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)"). Also, Wedington directs his motion to two wardens, but gives no indication that either has made any representations to the Court. *See* Fed. R. Civ. P. 11(b) (regulating representations to the court). Finally, Wedington failed to comply with Rule 11's "safe harbor" requirement that he provide notice to the parties to be sanctioned at least 21 days before filing his motion. Fed. R. Civ. P. 11(c)(2); *see also Jones v. Fed. Bureau of Prisons*, No. 09-1074, 2010 WL 3118679, at *9 (D. Minn. Feb. 8, 2010) ("The law of this District has recognized that the notice requirements, which trigger the safe harbor provisions of the Rule, are to be strictly enforced."). For these reasons, the Court will deny Wedington's motion for sanctions.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Wedington's objections [Docket No. 9] and **ADOPTS** the Report

---

[1] Wedington states that his filing is submitted pursuant to 28 U.S.C. § 2243 and "directed to" Warden L. LaViva and Warden B. R. Jett. (Mot. for Sanctions.) Section 2243, however, contains no provision regarding sanctions. Federal Rule of Civil Procedure 11(c) does permit a court to "impose an appropriate sanction on any attorney, law firm, or party" that violates Rule 11(b). Thus the Court will construe this motion as brought under Rule 11.

and Recommendation of the Magistrate Judge dated August 10, 2015 [Docket No. 8].  **IT IS HEREBY ORDERED** that:

1. Wedington's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED** as follows:

   a. All claims relating to a prior reduction in Wedington's sentence by the trial judge are **DENIED with prejudice**.

   b. All claims relating to the legality of the parole review process are **DENIED without prejudice**.

2. This action is **DISMISSED**.

3. Wedington's motion for status of habeas corpus [Docket No. 5] is **DENIED without prejudice**.

4. Wedington's motion for sanctions [Docket No. 11] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 4, 2016　　　　　　　　　____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court